# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ARLANDO SUTHERLAND, and <br> JOSHUA THOMAS, | ) <br> ) <br> ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:14-CV-01629-AGF |
| | ) | |
| CITY OF VELDA CITY, MO, and <br> P.O. STAN STANBACK #293, | ) <br> ) <br> ) | **TRIAL BY JURY DEMANDED** |
| Defendant. | ) | |

### DEFENDANT VELDA CITY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW Defendant Velda City, Missouri (the "City"), and in answer to Plaintiffs' First Amended Complaint states as follows:

### FACTS

1. The City is without knowledge or information sufficient form a belief as to the truth of the allegations in paragraph 1 and therefore denies the same.

2. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies the same.

3. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies the same.

4. The City is without knowledge or information sufficient form a belief as to the truth of the allegations in paragraph 4 and therefore denies the same.

5. The City is without knowledge or information sufficient form a belief as to the truth of the allegations in paragraph 5 and therefore denies the same.

1

6. The City is without knowledge or information sufficient to form as belief as to the truth of the allegations in paragraph 6 and therefore denies the same.

7. The City is without knowledge or information sufficient to form as belief as to the truth of the allegations in paragraph 7 and therefore denies the same.

8. The City admits that Stan Stanback was charged and ultimately acquitted, but is without knowledge or information sufficient to form as belief as to the truth of the remaining allegations in paragraph 8 and therefore denies the same.

9. The City admits only that Defendant Stan Stanback ("Defendant Stanback") was employed as a police officer by the City on or about September 17, 2008. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies the same.

10. The City states that this is an improper conclusion of law and therefore the City denies the same.

## JURISDICTION AND VENUE

11. The City admits that this court has jurisdiction over the subject matter under federal law and denies all remaining allegations of paragraph 11.

12. The City admits that this court has jurisdiction over the subject matter under federal law and denies all remaining allegations of paragraph 12.

13. The City admits that venue is proper in this court and denies all remaining allegations of paragraph 13.

## PARTIES

14. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies the same.

15. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies the same.

16. The City admits only that Defendant Stanback was employed as a police officer by the City on or about September 17, 2008. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies the same.

17. The City admits that (i) it is a municipal corporation organized and existing pursuant to Missouri law, (ii) it is located in St. Louis County, Missouri, and (iii) St. Louis County, Missouri is within the Eastern District of Missouri. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies the same.

18. The City admits that Defendant Stan Stanback ("Defendant Stanback") was employed as a police officer by the City on or about September 17, 2008. The City admits that Plaintiffs have sued Defendant Stanback in his individual capacity. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies the same.

CAUSES OF ACTION

COUNT I

EXCESSIVE USE OF FORCE AGAINST ARLANDO SUTHERLAND BY DEFENDANTS IN VIOATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION 42 U.S.C. § 1983

19. The City realleges and incorporates by reference all answers to all previous paragraphs.

20. The City denies the allegations in paragraph 20.

21. The City denies the allegations in paragraph 21.

22. The City denies the allegations in paragraph 22.

23. The City denies the allegations in paragraph 23.

24. The City denies the allegations in paragraph 24.

25. The City denies the allegations in paragraph 25.

26. The City states that this is an improper legal conclusion and therefore the City denies the allegations of paragraph 26.

## COUNT II

### PLAINTIFF ARLANDO SUTHERLAND'S CAUSE OF ACTION AGAINST THE CITY OF VELDA CITY, MISSOURI IN VIOATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION 42 U.S.C. § 1983

27. The City realleges and incorporates by reference all answers to all previous paragraphs.

28. The City denies the allegations in paragraph 28.

29. The City denies the allegations in paragraph 29.

30. The City denies the allegations in paragraph 30.

31. The City denies the allegations in paragraph 31.

32. The City denies the allegations in paragraph 32.

33. The City denies the allegations in paragraph 33.

34. The City states that this is an improper legal conclusion and therefore the City denies the allegations of paragraph 34.

## COUNT III

## ASSAULT AND BATTERY OF ARLANDO SUTHERLAND BY DEFENDANT STANBACK UNDER STATE LAW

This Count, consisting of paragraphs 35-37 is directed at separate Defendant Stan Stanback and is not directed to the City, and no response is therefore required. Nevertheless, to the extent a response required on behalf of the City each paragraph in this count is denied.

## CAUSES OF ACTION

## COUNT I

## EXCESSIVE USE OF FORCE AGAINST JOSHUA THOMAS BY DEFENDANTS IN VIOATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION 42 U.S.C. § 1983

1. The City realleges and incorporates by reference all answers to all previous paragraphs.

2. The City denies the allegations in paragraph 2.

3. The City denies the allegations in paragraph 3.

4. The City denies the allegations in paragraph 4.

5. The City denies the allegations in paragraph 5.

6. The City denies the allegations in paragraph 6.

7. The City denies the allegations in paragraph 7.

8. The City states that this is an improper legal conclusion and therefore the City denies the allegations of paragraph 8.

## COUNT II

### PLAINTIFF JOSHUA THOMAS' CAUSE OF ACTION AGAINST THE CITY OF VELDA CITY, MISSOURI IN VIOATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION 42 U.S.C. § 1983

9.	The City realleges and incorporates by reference all answers to all previous paragraphs.

10.	The City denies the allegations in paragraph 10.

11.	The City denies the allegations in paragraph 11.

12.	The City denies the allegations in paragraph 12.

13.	The City denies the allegations in paragraph 13.

14.	The City denies the allegations in paragraph 14.

15.	The City denies the allegations in paragraph 15.

16.	The City states that this is an improper legal conclusion and therefore the City denies the allegations of paragraph 16.

## COUNT III

### ASSAULT AND BATTERY OF JOSHUA THOMAS BY DEFENDANT STANBACK UNDER STATE LAW

This Count, consisting of paragraphs 17- 19 (errantly numbered 11, 12 and 1) is directed at separate Defendant Stan Stanback and is not directed to the City, and no response is therefore required. Nevertheless, to the extent a response required on behalf of the City each paragraph in this count is denied.

# DEFENDANT VELDA CITY, MISSOURI'S
## AFFIRMATIVE DEFENSES TO ALL COUNTS

1. For further answer, and by way of affirmative defense, the City states that Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed.

2. For further answer, and by way of affirmative defense, the City states that whatever actions, if any, the City took with reference to Plaintiff Arlando Sutherland and/or Plaintiff Joshua Thomas (collectively, "Plaintiffs") were authorized by state and federal law.

3. For further answer, and by way of affirmative defense, the City states that any actions taken by the City were justified under the circumstances that existed at the time.

4. For further answer, and by way of affirmative defense, the City states that any claim against it based upon the doctrine of *respondeat superior* fails as a matter of law.

5. For further answer, and by way of affirmative defense, the City states that any claim against it fails for lack of a viable underlying claim, the same being barred by qualified immunity, being objectively reasonable, taken in good faith, and did not violate any clearly established rights of Plaintiffs. Further that any arrest and/or detention of the Plaintiffs was supported by probable cause and was reasonable and justified under the circumstances.

6. For further answer and by way of affirmative defense, Defendant City states that to the extent Plaintiffs claims in the Complaint are construed to be claims under Missouri State law, such claims are barred by the official immunity doctrine, public duty doctrine, and/or doctrine of sovereign immunity.

7. For further answer and by way of affirmative defense, and in no way limiting the general denial or any other defense herein, Defendants state that any claim for damages for aggravating circumstances and punitive damages in this case by the Plaintiff is in violation of

Defendants' rights to due process and equal protection under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and the same or similar guarantees in the Constitution of the State of Missouri, including Article I, Sections 2, 10, 212, and 28 of the Constitution of the State of Missouri, and all claims for aggravating circumstances and/or punitive damages would amount to the imposition of a fine or penalty in violation of both constitutions, and should be dismissed. Further such claim for punitive damages is not allowed as a matter of law under 42 U.S.C. § 1983.

8. For further answer, and by way of affirmative defense, Defendant states that Plaintiffs' Complaint is barred by the applicable statute(s) of limitations.

9. Plaintiffs have failed to mitigate whatever damages, if any, Plaintiffs may have incurred by reason of the matters alleged in Plaintiffs' First Amended Complaint.

10. Whatever injuries, if any, Plaintiffs may have sustained were the direct result of Plaintiffs' own conduct directly contributing thereto.

11. For further answer, and for affirmative defense, any injury or damage, if any, sustained by Plaintiffs was the direct and proximate result of the negligence, carelessness and/ or intentional conduct of others, and there is no proximate or direct relationship between the conduct of Defendant and any injury or damage allegedly sustained by Plaintiffs.

12. For further answer, and by way of affirmative defense, Defendant states that Plaintiff's claims are barred by the doctrines of absolute immunity and absolute legislative immunity.

WHEREFORE, having fully answered Plaintiffs' First Amended Complaint, Defendant Velda City, Missouri prays this Court dismiss this cause of action and award the City its costs expended herein together with such other and further relief as may be just and proper.

Respectfully submitted,

**KING, KREHBIEL & HELLMICH, LLC**

By:   /s/ *Blake D. Hill*
      BLAKE D. HILL    #58926MO
      2000 South Hanley Road
      St. Louis, MO 63144
      (314) 646-1110
      (314) 646-1122 (fax)
      E-mail: bhill@kingkrehbiel.com
      *Attorneys for City of Velda City, MO*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 16th day of December 2014, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served upon all parties of record via the Court's electronic filing system:

**Raphael O. Morris, II**
2117 Olive Street
St. Louis, MO 63103
314-241-5900
31-241-5902 (fax)
raphaelmorris@hotmail.com
*Attorney for Plaintiffs*

                                            /s/ *Blake D. Hill*