UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARLANDO SUTHERLAND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:14-cv-01629-AGF |
| | ) | |
| CITY OF VELDA CITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Stan Stanback's motion (Doc. No. 24) to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(5), for insufficient service of process. Plaintiffs filed this action on September 18, 2014. On January 21, 2015, after Plaintiffs failed to file proof of timely service upon Stanback, the Court ordered Plaintiffs to show cause in writing within 14 days why this action should not be dismissed without prejudice as to Stanback for lack of timely service under Federal Rule of Civil Procedure 4(m). (Doc. No. 13.)

Plaintiffs did not respond to the Court's Order to Show Cause, but on February 3, 2015, Plaintiffs filed a return of service, including an Affidavit of Service signed by a special process server, which listed an address for Stanback in Florissant, Missouri and stated that Stanback was served on January 30, 2015 by "leaving a true copy of this **SUMMONS IN A CIVIL ACTION** with the date and hour of service endorsed thereon by me, at the within [Stanback's] usual place of abode, to a person residing therein who is

15 years of age or older to wit: JOHN DOE and informing said persons of the contents thereof." (Doc. No. 14 at 2.)

On March 11, 2015, the Court issued an Order noting that proof of service upon Stanback was filed, indicating service on January 30, 2015, and that although Plaintiffs had not shown good cause for the delay in service, given the relatively short length of delay (approximately two weeks) and the early stage of litigation, the Court exercised its discretion to extend the time for service and deemed Plaintiffs' service of Stanback timely. (Doc. No. 16.)

However, shortly after the Court's March 11, 2015 Order, counsel entered an appearance for Stanback and received an extension of time to file a response to Plaintiffs' complaint in order to contest service. On April 8, 2015, Stanback, by his attorney, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Doc. No. 24.)

The motion and accompanying memorandum state that on or about February 18, 2015, counsel had a telephone conversation with Stanback, and Stanback stated that he did not currently reside at the address listed in the return of service, he did not reside at that address as of January 30, 2015, and he has never indicated to Plaintiffs or their representatives that he resided at that address. The motion also attaches a document it describes as an email from one of Stanback's attorneys to Plaintiffs' counsel, dated February 25, 2015, purporting to inform Plaintiffs' counsel that service upon Stanback was ineffective because it was not made at Stanback's current address. (Doc. No. 24-1.) However, the motion does not attach any declaration of Stanback or defense counsel

swearing to these facts. Instead, the motion states that counsel "has made many attempts to contact Mr. Stanback . . . in order to obtain a Declaration" but that "[d]espite repeated attempts, [counsel] has been unable to contact Mr. Stanback." (Doc. No. 24 at 2.) Plaintiffs have not responded to Stanback's motion to dismiss, and the time to do so has passed.

Rule 12(b)(5) authorizes a motion to dismiss for insufficiency of service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Reed v. Cent. Transp., Inc.*, No. 1:06-CV-75 CAS, 2006 WL 3803674, at *1 (E.D. Mo. Nov. 22, 2006). Proper service of process is essential because "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citations omitted); *see also Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) ("The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service.").

Pursuant to Federal Rule of Civil Procedure 4, when service has not been waived, service upon an individual within the United States may be properly effectuated by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Missouri state law permits service of process on an individual by:

> delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

Mo. Sup. Ct. R. 54.13(b)(1).

Stanback asserts service was not made at his "usual place of abode," but he does not submit any evidence in support of that assertion. However, even if the Court were to assume that the address listed in the return of service is Stanback's "usual place of abode," the Court finds that Plaintiffs' return of service, on its face, does not comply with Rule 4(e). There is nothing in the return of service to indicate that the process server left a copy of both the summons and the complaint "with someone of suitable age and discretion who resides there," or "with some person of the individual's family over the age of fifteen years." Fed. R. Civ. P. 4(e)(2)(B); Mo. Sup. Ct. R. 54.13.[1] The return of service states only that a copy of the summons was left with an unidentified person 15 years of age or older. This is insufficient to comply with Rule 4(e). Therefore, the Court will dismiss Plaintiffs' claims against Stanback, but the Court will do so without

---

[1] There is also nothing in the Court file to indicate that Stanback has waived service in this case, or that Stanback was served personally or by authorized agent.

prejudice, and will grant Plaintiffs an additional 30 days to effect service upon Stanback. The Court suggests that Plaintiffs' counsel confer with Stanback and his counsel to ensure that service is effective.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Stan Stanback's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) is **GRANTED**.  (Doc. No. 24.)

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant Stan Stanback are **DISMISSED without prejudice**.  Plaintiffs shall have **30 days** from the date of this Order to properly serve Stanback.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2015.